**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

KINGDOM INSURANCE GROUP,   :
LLC,  KINGDOM BUSINESS     :
SERVICES, LLC,  KINGDOMCARE, :
LLC, and KINGDOM BENEFITS   :
ASSOCIATION, LLC,        :
                         :
     Plaintiffs,         :
                         :
v.                     :       Case No. 7:09-CV-117 (HL)
                         :
CUTLER AND ASSOCIATES, INC.,  :
SHEP R. CUTLER, and UNITED   :
HEALTHCARE INSURANCE      :
COMPANY,             :
                         :
     Defendants.       :

## <u>ORDER</u>

This matter is before the Court on the Plaintiffs' Motion to Remand (Doc. 4) (the "Motion"). For the following reasons, the Motion is granted.

## I.     Factual Background

The Plaintiffs filed their Complaint on August 28, 2009 in the Superior Court for Thomas County, Georgia. The numerous claims for relief in the Plaintiffs' Complaint arise out of a series of agreements the Plaintiffs entered in order to market the insurance products of Defendant United Healthcare Insurance Company. The Defendants timely removed the case to this Court based on diversity of citizenship subject matter jurisdiction. The Plaintiffs then moved to remand this case because the

Defendants have not proved that the amount in controversy requirement is satisfied.

**II.    Discussion**

The Defendants oppose remand on two bases: (a) a reckoning of the numbers involved in this case shows that the amount in controversy is in excess of the jurisdictional amount; and (b) the Plaintiffs' refusal to stipulate that the amount in controversy was less than $75,000 proves that the amount in controversy is over $75,000.

*A.    Calculation of damages*

"Federal courts are courts of limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Smith v. GTE Corp., 236 f.3d 1292, 1299 (11th Cir. 2001).  A district court may only hear cases for which there has been a congressional grant of jurisdiction.  Id.  Congress has granted district courts jurisdiction over cases involving citizens of different states if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Here, the Plaintiffs do not dispute that there is diversity of citizenship among the parties, just that the amount in controversy has been met.

The procedure for determining whether or not the amount in controversy requirement has been satisfied differs depending on a variety of factors.  Factors that are particularly important in this regard are how the case arrived in federal court (original filing or removal) and whether or not

the plaintiff prayed for a specific amount in damages.  In this removal case, the Plaintiffs did not ask for a specific amount to be awarded as damages. In such a case, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., Inc., 269 f.3d 1316, 1319 (11th Cir. 2001).

To prove that the amount in controversy requirement has been satisfied, the Defendants argue that it is possible to determine the amount in controversy based on simple calculations involving figures derived from the Plaintiffs' Complaint.  In several allegations in the Complaint, the Plaintiffs stated that they would be entitled to certain benefits under the contract if they achieved certain milestones.  For instance, according to one contract, the Plaintiffs were to receive a $20 bonus per new customer if the Plaintiffs' agents produced 10,000 new customers (10,000 customers being one of many potential "milestones").  This bonus was to increase as the numbers of new customers increased, or put another way, as the Plaintiffs reached new milestones.  In their brief, the Defendants took these allegations regarding milestone bonuses, along with the Plaintiffs' allegation that but for the breach by various Defendants the Plaintiffs would have met milestones, and determined that under the agreements the Plaintiffs would have been entitled to a sum in excess of $75,000.

However, the Defendants' analysis is lacking essential information. Under Georgia law, a successful plaintiff in a contract action is not entitled to a gross recovery (i.e., what the plaintiff would have received under the contract), but a net recovery (i.e., what the plaintiff would have received under the contract minus the costs of performing the contract) after the plaintiff has mitigated the amount of the damages. Goldstein v. Ipswich Hosiery Co., 104 Ga. App. 500, 508, 122 S.E.2d 339, 347 (1961). Here, the Defendants fail to include in their calculations the costs of performing the contract, an amount that must be subtracted from the amount of recovery. According to the Plaintiffs, while they would have been entitled to milestone bonuses under their contracts, they would not have been able to increase their performance, thereby bringing in more customers to meet the milestones, without increasing their costs of operation. Neither party has put on any evidence regarding the Plaintiffs' costs of performing. Therefore, the amount of damages claimed by the Plaintiffs still is indeterminate, and by no means have the Defendants shown by a preponderance of the evidence that the amount in controversy is in excess of the jurisdictional limit. Thus, this case must be remanded.

B.      *Refusal to stipulate*

The Defendants have also attempted to prove that the amount in controversy requirement has been met by resorting to a gimmick. The Defendants sent a letter to the Plaintiffs offering to settle the case for

$76,000, or, alternatively, agreeing to remand the case to state court if the Plaintiffs would stipulate that they would not seek or obtain a judgment in excess of $75,000. Such a gimmick, on its own, is inadequate to prove the amount in controversy. As the Eleventh Circuit held in Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001), "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320. The Defendants still would need to prove that damages exceed $75,000 with other evidence. Here, as has been shown above, neither the evidence nor the pleadings show that the amount in controversy requirement has been satisfied. Therefore, this case must be remanded.

C.    *Costs and fees*

In their Motion, the Plaintiffs ask for their costs under 28 U.S.C. § 1447(c) for the Defendants' improper removal. However, the Plaintiffs provide no basis for such an award in their Briefs. Moreover, fees should only be awarded under the statute where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 711 (2005). The Court finds that the Defendants did not lack such a basis for removal. Therefore, the Plaintiffs' request for costs and fees is denied.

**III.    Conclusion**

For the foregoing reasons, the Motion to Remand (Doc. 4) is granted, but the Plaintiffs' request for costs and fees is denied.

**SO ORDERED**, this the 13th day of June, 2010.

_s/   Hugh Lawson_
HUGH LAWSON, Senior Judge

jch